UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FREEDOM MARINE SALES, LLC,

                     Plaintiff,

vs.                                          **CASE NO.**

TIM TOPITZHOFER,
UNKNOWN TENANT,
AND M/V Dacotah A 38' Motoryacht Bayliner,
her engines, tackle, apparel, furniture, equipment
and all other necessaries appertaining and belonging
*in rem,*

                     Defendants.

_____/

## VERIFIED COMPLAINT

       Plaintiff, Freedom Marine Sales, LLC ("Freedom Marine") sues Defendants,

Tim Topitzhofer, Unknown Tenant and M/V Dacotah A 38' Motoryacht Bayliner,

her engines, tackle, apparel, furniture, equipment and all other necessaries

appertaining and belonging *in rem* ("M/V Dacotah") and alleges:

## GENERAL ALLEGATIONS

### Jurisdiction and Venue

       1.     This is an action for a maritime lien, maritime trespass, declaratory relief,

breach of contract and eviction.

       2.     Freedom Marine is a Florida limited liability company with its principal

place of business at 897 East Venice Ave., Venice FL.

3.      Tim Topitzhofer is a resident of the State of Florida.

4.      The M/V Dacotah is a white 38' Motoryacht Bayliner vessel currently located at 0 Island Ave., Tarpon Springs, FL and is therefore located within this district and thus within the jurisdiction of this Court.

5.      This is an action within the admiralty and maritime jurisdiction of this Court as contemplated by 28 U.S.C. § 1333 and Rule 9(h) of the Federal Rules of Civil Procedure.

6.      This action is for damages pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims, 46 U.S.C. § 31342, Fla. Stat. § 328.17, and Local Rule 1.03. Freedom Marine has a maritime lien in its favor and against the M/V Dacotah, *in rem* for necessaries supplied to the vessel, namely dockage, and for tort damages arising from the vessels continued trespass of Freedom Marine property.

7.      Venue of this action is properly within the Middle District of Florida.

## Background

8.      On or about May 9, 2022 Freedom Marine purchased real property located at 0 Island Ave. in Palm Harbor Florida from FBCHQ, LLC as legally described by the Warranty Deed recorded in Official Records Book 22056, Page 0867 of the Public Records for Pinellas County, Florida. The real property purchased consists of an operating marina with rented boat slips (the "Marina").

9.      On or about December 13, 2017, Freedom Marine's predecessor-in-interest contracted with the vessel's owner, Tim Topitzhofer, on behalf of the Defendant vessel for dockage at slip #31 pursuant to a slip rental agreement. A copy

of the slip rental agreement is attached hereto as **Exhibit "A."** Freedom Marine as owner of the Marina has been assigned the slip rental agreement as Lessor.

10.    On May 31, 2022 and July 25, 2022, Freedom Marine gave a 60-day notice to vacate and demanded the vessel be removed. Such notice was sent as required under the terms of the slip rental agreement. A copy of the 60-day notice is attached hereto as **Exhibit "B."**

11.    The notice was also posted at the rented premises. A picture of the posted notice at the premises with the M/V Dacotah is attached hereto as **Exhibit "C."**

12.    Defendants have failed and refused to remove the vessel and have failed to pay rent in accordance with the terms of the slip rental agreement.

13.    All conditions precedent to the filing of this action have been satisfied or waived.

14.    Freedom Marine has retained the undersigned law firm and is obligated to pay them reasonable attorneys' fees and costs.

## <u>COUNT I – Enforcement of Maritime Lien - Dockage</u>

15.    This is a cause of action for enforcement of a maritime lien against the M/V Dacotah

16.    Plaintiff re-alleges paragraphs 1-14 as if restated herein.

17.    As of the date of this Complaint, Freedom Marine has a statutory maritime lien for the provisioning of necessaries, specifically safe harbor and dockage,

to Defendant vessel in the total amount of $6,162.63 for past due charges, exclusive of attorneys' fees and costs.

18.    Additionally, for each day the Defendant vessel remains docked without permission, it is receiving necessaries, specifically safe harbor and dockage at Freedom Marine's expense.

19.    The reasonable value of dockage at this Marina is double the normal daily rate pursuant to the slip rental agreement. This amount will continue to accrue on a daily basis.

20.    In addition to this amount, Freedom Marine is entitled to interest, attorneys' fees and costs.

WHEREFORE, Freedom Marine, requests entry for:

a. a judgment *in rem* against the M/V Dacotah recognizing Plaintiff's maritime lien;

b. a warrant of arrest be issued against the M/V Dacotah;

c. The M/V Dacotah be condemned and sold to satisfy the lien of Plaintiff, inclusive of pre and post judgment interest, attorneys' fees and costs;

d. a judgment against the M/V Dacotah for the amount of Plaintiff's damages with interest, attorneys' fees and costs; and

e. for such other relief as this Court may deem proper.

## COUNT II – Maritime Trespass

21.    This is a cause of action for maritime trespass against Mr. Topitzhofer, and the M/V Dacotah.

22.    Plaintiff re-alleges paragraphs 1-14 as if restated herein.

23.    On May 31, 2022, the vessel owner Mr. Topitzhofer was given notice of Freedom Marine's revocation of permission to remain at the Marina pursuant to the slip rental agreement.

24.    As of the date of this Complaint, Defendants have failed to remove the vessel.

25.    As a direct and proximate result of Defendant's failure to remove the vessel, Freedom Marine has been and continues to be damaged for the loss of use of the slip, annoyance, together with costs.

WHEREFORE, Freedom Marine, requests entry for:

a.    a judgment *in rem* against the M/V Dacotah recognizing Plaintiff's maritime lien for trespass;

b.    a warrant of arrest be issued against the M/V Dacotah;

c.    The Dacotah be condemned and sold to satisfy the lien of Plaintiff, inclusive of pre and post judgment interest, attorneys' fees and costs;

d.    a judgment against Tim Topitzhofer, and M/V Dacotah for the amount of Plaintiff's damages with interest, attorneys' fees and costs;

e.    removal of Tim Topitzhofer, and M/V Dacotah from the premises; and

f.    for such other relief as this Court may deem proper.

## COUNT III – Declaratory Relief

26.    This is a cause of action for declaratory relief pursuant to U.S.C. § 2201-2202 against Tim Topitzhofer, and the M/V Dacotah

27.     Plaintiff re-alleges paragraphs 1-14 as if restated herein.

28.     A justiciable controversy exists as to the proper status of the M/V Dacotah and its owner/occupant in the Marina.

29.     Freedom Marine has suffered and is continuing to suffer an injury in fact by continued presence of the M/V Dacotah and any unknown occupants.

30.     Freedom Marine contends that subsequent to the termination of the slip rental agreement, the M/V Dacotah and its occupant are trespassers subject to removal from the Marina.

31.     There is a bona fide, actual, present and practical need for a declaration of the rights of the parties.

32.     Freedom Marine is in doubt as to the existence or non-existence of its rights and privileges, and is entitled to have such doubt removed.

33.     There is a bona fide dispute between Freedom Marine and Mr. Topitzhofer, and the M/V Dacotah. There is a justiciable question as to the existence or non-existence of some right, status, immunity, power or privilege, or as to some fact upon which the existence of such right, status, immunity, power or privilege does or may depend and Freedom Marine is in doubt as to its rights.

WHEREFORE, Freedom Marine, requests entry of a declaratory judgment:

a. declaring Mr. Topitzhofer, and the M/V Dacotah trespassers in the Marina;

b. enjoining Mr. Topitzhofer, and the M/V Dacotah from remaining at the Marina;

c.  Requiring Mr. Topitzhofer to remove the M/V Dacotah from the Marina;

d.  In the event Mr. Topitzhofer fails or refuses to remove the M/V Dacotah, authorize Freedom Marine to remove the vessel and the cost associated with same to be levied against Mr. Topitzhofer, and the M/V Dacotah; and

e.  For such other relief as the Court may deem appropriate.

## COUNT IV – Breach of Contract

34.  This is a cause of action for breach of contract against Mr. Topitzhofer.

35.  Plaintiff re-alleges paragraphs 1-14 as if restated herein.

36.  The slip rental agreement attached hereto as Exhibit "A" constitutes a valid and enforceable contract between Freedom Marine and Mr. Topitzhofer.

37.  Ms. Topitzhofer has breached the slip rental agreement by: (i) failing to timely pay rent; (ii) allowing the vessel to become a nuisance and causing an unreasonable disturbance; and (iii) failing to maintain insurance as required.

38.  As a direct and proximate result of Mr. Topitzhofer's breaches of the slip rental agreement, Freedom Marine has been damaged.

WHEREFORE, Freedom Marine, requests entry of a judgment:

a.  In favor of Freedom Marine and against Mr. Topitzhofer for damages together with prejudgment interest, attorneys' fees and costs; and

b.  For such other relief as the Court may deem appropriate.

## COUNT V- Eviction

39.    This is an action for eviction pursuant to Chapter 83, Fla. Stat. and against Unknown Tenants and is pled in the alternative to Count II for Trespass.

40.    Plaintiff re-alleges paragraphs 1-14 as if restated herein.

41.    In the event any unknown tenant is considered a tenant pursuant to Chapter 83, Fla. Stat., his/her lease has been properly terminated.

42.    There is no written lease or other agreement governing the relationship between Freedom Marine and an unknown tenant. Accordingly, such lease is a tenancy at will.

43.    When rental payments were made previously, they were made on a monthly basis and accordingly such tenancy is deemed to be month to month.

44.    Freedom Marine terminated the tenancy at will by virtue of the 60-day notice to vacate posted on May 31, 2022.

45.    Unknown Tenant has failed and refuses to vacate slip #31 at the Marina.

46.    Due to Unknown Tenant's refusal to vacate the Marina, Freedom Marine is entitled to double rent.

47.    Plaintiff requests that this action be treated as a summary procedure as provided in Section 51.011, Florida Statutes.

WHEREFORE, Freedom Marine, requests entry of a judgment:

a.  In favor of Freedom Marine and against Unknown Tenant for possession of the Slip #31 at the Marina, courts costs; and

c.  For such other relief as the Court may deem appropriate.

## __Verification__

Pursuant to 28 U.S.C. § 1476, I _Scott Ward_____, as _Vice President and General Manager___ of Freedom

Marine, LLC verify under penalty of perjury under the laws of the United States of

America that the foregoing is true and correct.

Executed on March ___, 2023

3/13/2023

By: _Scott Ward_____

As: _Vice President and General Manager___

ADAMS AND REESE LLP
1515 Ringling Boulevard, Suite 700
Sarasota, Florida 34236
Primary: drew.chesanek@arlaw.com
Secondary: lisa.wilkinson@arlaw.com
Telephone: (941) 316-7600

By: _/s/ Drew F. Chesanek_____
     Drew F. Chesanek
     Florida Bar No. 115933

## SLIP RENTAL AGREEMENT

### SUMMARY PAGE

(The Slips within this Marina are available for rent by the general public on a first-come, first-serve basis.)

SLIP # __31__

BOAT OWNER (LESSEE) __Tim Topitzhofer__

ADDRESS __5841 Sunshine Park Dr, New Port Richey FZ__ email: __gimewaan@yahoo.com__

HOME PHONE # _____718-598-3745_____ EMERGENCY # __34652   (239) 989-8173__

NAME OF BOAT ____ Dacotah

**STATE OF REGISTRATION AND NUMBER** __FL- BL2A57ELD686__

**Attach copy of documentation to lease**

**IS BOAT DOCUMENTED WITH THE U.S. COAST GUARD** _____**YES**____ ✕ ____ **NO**

**IF YES, NAME OF PORT** _____ **DOCUMENTATION NUMBER** _____

**Attach copy of documentation to lease**

Make __Bayliner__           Type __Motoryacht__           Length __38'__     Beam _____13.5__

Draft __3'2"__     Sail _____ Power __x__           Gas _____ Diesel __x__

Initial Term: ___1 year_____ Commencement Date: __12/1/17_____ Expiration Date: __11/30/18__

| | |
|---|---|
| MONTHLY DOCK FEE | $ 228.00 |
| + FL SALES TAX | $ 15.96 |
| + OTHER FEE* | $ 25.00 |
| = TOTAL MONTHLY FEE | $     268.96       SECURITY DEPOSIT $      228.00 |

# DOCK FEES ARE DUE THE 1ST DAY OF EACH MONTH

### MAKE YOUR CHECK PAYABLE TO:

## M & M PROPERTIES, LLC

### 2925 Alternate 19, Suite A

### PALM HARBOR, FLORIDA 34683

(There is a safe, secure lock box to the right of the office front door for
payment drop off when our office is closed.)

1

**Exhibit A**

## SLIP RENTAL AGREEMENT

This Slip Rental Agreement (this "**Lease**") is made between the undersigned boat owner (as "**Lessee**") and M & M Properties, LLC (hereinafter "**Lessor**") to rent the below Slip at the M & M Marina ("**Marina**"). Lessor and Lessee agree as follows:

1.      **SLIP.**      Subject to the provisions of this Lease, Lessor leases to Lessee and Lessee leases from Lessor, the boat Slip identified in the Summary Page (the "**Slip**"). The Slip and the Marina facilities will be referred to as the "**Premises**".

2.      **TERM.**      This Lease begins on the Commencement Date and will continue until the Expiration Date as set forth on the Summary Page. If the term of this Lease is on a month-to-month basis, either party must provide no less than sixty (60) days notice of its intent to terminate this Lease.

3.      **RENT.**      Upon commencement of this Lease, Lessee will pay Lessor the Total Monthly Fee set forth on the Summary Page ("**Rent**"). Rent shall be paid in advance on the first day of each month, without demand and without set off or deduction of any kind.  If the Initial Term does not begin on the first day of a month, Rent for such first month shall be prorated accordingly.  Unless otherwise designated by Lessor, Rent shall be made payable to Lessor and be delivered to Lessor at Lessor's address as set forth on the Summary Page, or at such other place as the Lessor may designate from time to time.  **ALL UNPAID SLIP RENT AND/OR OTHER CHARGES ARE AN OBLIGATION OF THE LESSEE AND SHALL CONSITUTE A LIEN AGAINST YOUR VESSEL. LESSEE AGREES THAT FLORIDA STATUTE 328.17 APPLIES TO THE VESSEL AND LESSOR CAN SELL THE VESSEL AT A NON-JUDICIAL SALE IN THE EVENT OF NON-PAYMENT OF RENT FOR A PERIOD OF SIX (6) MONTHS.** A vessel may not be removed from the Marina, and the Lessor may take such action as is necessary to prevent the removal of the vessel while unpaid Rent or other charges are pending.

4.      **SECURITY DEPOSIT.**      On or before the execution of this Lease, Lessee shall deposit with Lessor the Security Deposit set forth on the Summary Page.  The Security Deposit shall be held by Lessor as "security" for damages to the Premises and for the faithful performance by Lessee of all of the provisions of this Lease.  Lessor shall not be obligated to hold the Security Deposit in an interest bearing account, the Security Deposit may be commingled with other funds of Lessor, and Lessee shall not be entitled to interest on the Security Deposit.  No later than thirty (30) days after Lessee's surrender of the Premises at the termination of this Lease or otherwise, the Security Deposit shall be returned to Lessee, without interest, provided Lessee has fully and faithfully performed all of Lessee's obligations under this Lease.

5.      **LATE PAYMENTS.**      If Rent or any other sums due to be paid by Lessee are not received by Lessor within five (5) calendar days of their due date, then Lessee shall pay a late charge equal to ten percent (10%) of Rent or other amounts past due, or one-hundred dollars ($100.00), whichever is greater, in order to offset any administrative and other expenses incurred by Lessor as a result of Lessee's failure to timely pay Rent.

6.      **RETURNED CHECKS.**      If any check of Lessee is dishonored for any reason, Lessee shall be responsible for a bad check fee of $35.00, or such other fee as is authorized by Florida law, whichever is greater.  Lessor has no duty to redeposit or resubmit dishonored checks, and Lessor may demand that all subsequent payments be paid in cash or certified funds.

7.      **USE.**      Lessee may not use the Premises or permit the Premises to be used for any unlawful, obnoxious, or offensive purpose.  Lessee may not live aboard vessel.

8.      **CONDITION OF PREMISES.**      The Premises are to be used at the sole risk of the Lessee. Lessor shall not be liable or responsible for the care or protection of any vessel, its gear, equipment and contents or for any loss or damage of whatever kind of nature to said vessel howsoever occasioned. There is no guarantee or warranty of any kind as to the condition of the docks, catwalks, etc. nor shall Lessor be responsible for injuries or losses incurred by persons or to property occurring thereon or for any reason, whether herein specifically stated or not. The Lessee agrees to hold Lessor harmless and indemnify and

2

**Exhibit A**

defend it from all loss, damage or liability of any kind claimed by reason of any act or omission on the part of the Lessee or Lessor, their agents, employees, guests, or invitees in the use of the facilities. Lessee shall be responsible for repair or replacement of any damage to the Premises caused by Lessee or its agents, employees, contractors or invitees.

9.     **WASTE AND NUISANCE.**          Lessee shall not commit, or suffer to be committed, any waste on the Premises, nor shall Lessee maintain, commit, or permit the maintenance or commission of any nuisance on the Premises or use the Premises for any unlawful purpose.  Lessee further agrees that Lessee shall not use the Premises in any manner that causes an unreasonable disturbance to any occupants of any property adjoins or neighbors the Premises.

10.     **INSURANCE.**        Lessee agrees during the term hereof to carry adequate public liability insurance covering the vessel and the Slip in amounts satisfactory to Lessor; said policies to be with companies satisfactory to the Lessor, including the Lessor as a loss payee and an additional insured thereon, and to pay the premiums therefore and to deliver said policies or certificates or duplicates thereof to Lessor. In the event of Lessee's failure either to obtain said insurance in the names herein called for or to pay the premiums therefore or to deliver said policies or certificates or duplicates thereof to Lessor, Lessor may at its option terminate the Lease. Lessee, at its cost, shall maintain on all its personal property, Lessee's improvements and alterations in, on, or about the Premises, a policy of standard fire and extended coverage insurance, with vandalism and malicious mischief endorsements, to the extent of at least 100% of the full replacement value thereof. The proceeds from any such insurance policy shall be applied to the repair or replacement of Lessee's personal property or the restoration of Lessee's improvements or alterations.

11.     **INDEMNITY REGARDING USE OF PREMISES.**  Lessee agrees to indemnify, hold harmless and defend Lessor from and against any and all losses, claims, liabilities, and expenses, including reasonable attorney fees, if any, which Lessor may suffer or incur as a result of or in connection with, Lessee's use of the Premises. Lessor shall not be liable for any damage or injury to Lessee, or any other person, or for any property damage occurring on the Premises, or any part thereof unless such damage is the proximate result of an unlawful or intentional act of Lessor.

12.     **HOLDOVER.**        In the event Lessee fails to remove the vessel and property from the Slip at the end of the term, Lessor may at is option: (1) charge to Lessee's account two times the daily rent on a prorata basis for each day or portion thereof the Slip is not vacated; and (2) avail itself of any other remedy available to Lessor under law or equity.

13.     **RULES AND REGULATIONS.**  In connection with Lessee's use and occupancy of the Premises, Lessee agrees that Lessee, its employees, agents, and invitees will abide by all reasonable rules and regulations from time to time established by Lessor by written notice to Lessee. The Rules and Regulations are incorporated herein by reference.

14.     **RECORDABILITY.**        This Lease, or any copies hereof, may not be recorded without Lessor's prior written consent.

15.     **TRANSFER OF LESSOR'S INTEREST.** The term "Lessor" as used in this Lease shall denote only the owner for the time being or mortgagee in possession for the time being of the Premises. In the event the Premises are sold, each time the Premises are sold the selling Lessor shall be relieved of all obligations and liability under this Lease except for those obligations or liabilities for which Lessee has previously asserted a claim or demand for to Lessor in writing.

16.     **ASSIGNABILITY/SUBLETTING.**        Lessee may not assign, sublease or transfer any interest in this Lease or privilege pertinent thereto without the prior written consent of Lessor, which shall not be unreasonably withheld.  If Lessee is a corporation, any sale, assignment, other transfer or change in ownership of more than 50% of the issued capital stock of Lessee shall be deemed an assignment for purposes of this section.  Further, any consent to an assignment shall not release Lessee or any guarantors hereof without Lessor's written consent.

3

**Exhibit A**

17.    **ENTIRE AGREEMENT.** This Lease contains the entire agreement of the parties and supersedes any prior understandings or written or oral agreements between the parties pertaining to the subject matter of this Lease. There are no other promises or conditions between the parties in any other agreement, whether oral or written. This Lease may be modified or amended only by a written instrument executed by both parties. No amendment, modification, or alteration of the terms of this Lease shall be binding unless it is in writing, dated subsequent to the date hereof, and duly executed by the parties to this Lease.

18.    **GOVERNING LAW.**    This Lease shall be construed in accordance with the laws of the State of Florida and venue of any proceeding shall be in Pinellas County, Florida.

19.    **ATTORNEY FEES.**    In the event Lessee breaches any of the terms of this Lease and Lessor employs an attorney to collect any sums due or to protect or enforce Lessor's rights hereunder, Lessor shall be entitled to recover reasonable attorney's fees so incurred and such fees may be demanded as additional Rent regardless of whether formal legal proceedings are commenced by Lessor. If litigation between the parties arises out of this Lease or the tenancy created herein, the prevailing party in such litigation shall be entitled to recover all costs incurred, including but not limited to, costs involved in collection, court costs, and attorney fees at all stages of all proceedings, including bankruptcy and appeal.

20.    **NOTICES.** All notices provided to be given under this Agreement shall be hand delivered, sent by overnight courier, or sent by certified mail return receipt requested, addressed to Lessee at the Premises, and to Lessor at Lessor's address first set forth above. Either party may change such addresses from time to time by providing written notice to the other party in accordance with the provisions hereof.

BOAT OWNER/LESSEE                          M & M PROPERTIES, LLC/LESSOR

_____          _____
                                          By: _____
                                          As Its: _____

_____          _____
DATE                                      DATE

4

**Exhibit A**

**M & M MARINA**
**RULES AND REGULATIONS**
**AGREEMENT**

In an effort to provide an inviting atmosphere for boat owners and their guests, the following rules and regulations are for your safety and protection. Failure to comply with the rules and regulations may result in termination of your lease agreement by the Lessor.

1.    The Rules of the Road and the Navigational Laws of the United States apply to all vessels in or approaching the marina.

2.    When a boat enters the marina, the boat owner will ensure that all guests comply with all rules herein.

3.    Only pleasure boats, in good condition, and under their own power, shall be admitted to berthing areas. In the event of an emergency during the owner's absence, i.e., breakdown of bilge pump, leak, bad lines, etc., the Harbormaster is authorized but not obligated to make necessary repairs as economically as possible which will be charged to the boat owner.

4.    Transfer of boats between slips, or from one slip to another slip, shall not be allowed without prior approval of the Lessor. Owner agrees that in case of emergency during their absence the Lessor is authorized but not obligated to move the boat without liability from the Rented slip to any other safe haven. Lessor reserves the right to transfer boats between slips.

5.    Garbage shall be deposited in cans supplied for that purposes. Notify dock attendant of any item that will not fit in these cans. The dock attendant will assist in its disposal.

6.    No vessel shall discharge oil, spirits, flammable or inflammable liquid into the marina.

7.    Boat maintenance shall be limited to only normal minor maintenance and preventive maintenance actions. To accomplish large maintenance or restoration tasks, the owner shall be required to move the boat to an appropriate boat yard or service marina. Painting, scraping, or repairing of gear shall not be permitted on the docks or finger piers.

8.    Living aboard the boat is not permitted. Laundry shall not be hung on boats, docks, or finger piers.

9.    No dumping of sewage from holding tank into waterway is permitted.

10.   Faucets are to be turned off after usage and when not in use. Hoses are to have spray nozzles attached for usage. Hoses are to be kept rolled neatly when not in use.

11.   Swimming or diving shall not be permitted in the marina. Fishing privileges are extended to boat owners and their guests, however, only in the immediate vicinity of their Rented slip.

12.   Lessor reserves the right to limit and govern parking space in the marina parking area.

13.   Violation of the above rules and regulations, disorder, depredations, and/or indecorous conduct by any boat owner, crew, or guest that might cause damage to property or harm the reputation of the marina shall be cause for immediate termination of lease agreement by Lessor.

5

**Exhibit A**

Timothy J. Topitzhofer
NAME OF BOAT OWNER/ LESSEE

Timothy J. Topitzhofer                    12/13/2017
SIGNATURE                                 DATE

Boat Slip Owner Name  Timothy J. Topitzhofer   Slip # __31__

Phone # (Home) _____  Work (718) 598-3745

**All Slip Lessees must have their vehicles registered with the Marina. Cars may be towed at the owner's expense.**

Vehicle # 1    Year  1999        Make/Model  Izuzu Oasis
               Color  Lt. Blue    Tag # MN658KLE

Vehicle # 2    Year  1992        Make/Model  Chevy Silverado
               Color  Blue       Tag # MT158348C

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $ _____
☐ Return Receipt (electronic)      $ _____      Postmark
☐ Certified Mail Restricted Delivery  $ _____   Here
☐ Adult Signature Required          $ _____
☐ Adult Signature Restricted Delivery $ _____
Postage
$
Total Postage and Fees
$
Sent To  Tim Topitzhofer
Street and Apt. No., or PO Box No.
City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

7020 2450 0001 2782 9544

6

**Exhibit A**

**ADAMS AND REESE** LLP

®

Attorneys at Law
Alabama
Colorado
**Florida**
Georgia
Louisiana
Mississippi
North Carolina
South Carolina
Tennessee
Texas
Washington, DC

Drew F. Chesanek
Associate
Direct: 941.316.7653
E-Fax: 941.316.7960
drew.chesanek@arlaw.com

<u>**60-DAY NOTICE TO VACATE**</u>
<u>**AND TERMINATION OF SLIP RENTAL AGREEMENT**</u>

**Date: July 25, 2022**

<u>**Via: FedEx Overnight Priority AND Posting**</u>
**Timothy J. Topitzhofer**
**5841 Sunshine Park Drive**
**New Port Richey, Florida 34652**

**RE:    Slip 31 – Freedom Marine Marina**
**         0 Island Avenue, Tarpon Springs, Florida**

Dear Mr. Topitzhofer:

As you may know, Freedom Marine Sales, LLC acquired the above-referenced slip from FBCHQ, LLC on May 9, 2022.

Notice is hereby given that your Slip Rental Agreement and/or any other oral agreement you may have had with the former owner of the Slip is terminated effective 60-days from the date of this letter or specifically September 30, 2022.  Accordingly, on or before September 30, 2022, the Slip and dock box, if any, must be vacant.

In the event that you fail to vacate the Slip as required herein, Freedom Marine Sales, LLC reserves the right to: (1) recover two times the daily rent on a prorata basis for each day or portion thereof the Slip is not vacated; (2) enforce a maritime lien on the vessel; (3) file an action for possession of the Slip in the Court of appropriate jurisdiction; and (4) recover all attorneys' fees and costs incurred in obtaining possession of the Slip and damages.

Upon confirmation that you have complied with this letter and all terms of the agreement, your security deposit, if any, will be returned.  Please provide us with the address where you would like any security deposited returned via email or letter to:

Drew F. Chesanek, Esquire
Adams and Reese LLP
1515 Ringling Boulevard, Suite 700
Sarasota, Florida 34236
Email: drew.chesanek@arlaw.com

Sincerely,
ADAMS AND REESE LLP

Drew F. Chesanek

DFC/kt

**Exhibit B**



Exhibit C



Exhibit C