UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FREEDOM MARINE SALES, LLC,

        Plaintiff,

vs.                          **CASE NO. 8:23-cv-00660-KKM-AEP**

TIM TOPITZHOFER, UNKNOWN TENANT,
and M/V Dacotah, a 38' Motoryacht Bayliner,
her engines, tackle, apparel, furniture, equipment
and all other necessaries appertaining and belonging
*in rem*,

        Defendants.
_____/

**PLAINTIFF'S AMENDED MOTION FOR FINAL DEFAULT JUDGMENT BY THE COURT AGAINST TIM TOPITZHOFER AND M/V DACOTAH AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Plaintiff, FREEDOM MARINE SALES, LLC ("Freedom Marine"), by and through its undersigned counsel and pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and Local Rule 1.10(c) hereby files its Amended Motion for Final Default Judgment by the Court and states as follows:

**INTRODUCTION**

1.    This is an action for a maritime lien, maritime trespass, declaratory relief, breach of contract and eviction.

2.    Freedom Marine is a Florida limited liability company with its principal place of business at 897 East Venice Avenue, Venice Florida.

3. The M/V Dacotah is a white 38' Motoryacht Bayliner vessel currently located at 0 Island Avenue, Tarpon Springs, Florida and is therefore located within this district and thus within the jurisdiction of this Court, Tim Topitzhofer is the owner of the Vessel.

4. This is an action within the admiralty and maritime jurisdiction of this Court as contemplated by 28 U.S.C. § 1333 and Rule 9(h) of the Federal Rules of Civil Procedure.

5. Defendants are in default and the prerequisites of a default judgment have been met. Plaintiff seeks a default judgment.

## PROCEDURAL HISTORY

6. The M/V Dacotah, a 38' Motoryacht Bayliner, her engines, tackle, apparel, furniture, equipment, and all other necessaries appertaining and belonging *in rem* ("M/V Dacotah") was served with the complaint on April 1, 2023 via posting on a conspicuous place on the vessel.

7. Tim Topitzhofer ("Mr. Topitzhofer") was served with the complaint on April 17, 2023, failed to timely respond, and a Clerk's Default was entered against him on June 2, 2023.

8. There were no Unknown Tenants occupying the vessel at Slip 31, Freedom Marine Marina on April 1, 2023, and there continue to be no tenants occupying said vessel to date.

9. On December 5, 2023, this Court entered an Order Directing Issuance of The Warrant of Arrest *in Rem* for the arrest of the M/V Dacotah.

10. On or about December 20, 2023, the United States Marshal arrested the M/V Dacotah and took it into custody.

11. On January 10, 2024, this Court entered an Order Appointing Plaintiff as Substitute Custodian of the M/V Dacotah.

12. Plaintiff is retaining custody of the M/V Dacotah at the Freedom Boat Club Marina, 1092 Island Avenue, Tarpon Springs, Florida 34689.

## STATEMENT OF FACTS

13. On or about May 9, 2022 Freedom Marine purchased real property located at 0 Island Avenue in Palm Harbor Florida from FBCHQ, LLC as legally described by the Warranty Deed recorded in Official Records Book 22056, Page 0867 of the Public Records for Pinellas County, Florida. The real property purchased consists of an operating marina with rented boat slips (the "Marina").

14. On or about December 13, 2017, Freedom Marine's predecessor-in-interest contracted with the vessel's owner, Tim Topitzhofer, on behalf of the Defendant vessel for dockage at slip #31 pursuant to a slip rental agreement. A copy of the slip rental agreement is attached as **Exhibit "A"** to the Verified Complaint. Freedom Marine as owner of the Marina has been assigned the slip rental agreement as Lessor.

15. On May 31, 2022 and July 25, 2022, Freedom Marine gave a 60-day notice to vacate and demanded the vessel be removed. Such notice was sent as required under the terms of the slip rental agreement. A copy of the 60-day notice is attached as **Exhibit "B"** to the Verified Complaint.

16. Defendants have failed and refused to remove the vessel.

17. The Defendants have failed to defend this case or remove the vessel which constitutes sufficient grounds for the entry of the requested default judgment against them.

## LEGAL ARGUMENT

18. A court may order a default judgment pursuant to Fed. R. Civ. P. 55(b)(2) following the entry of default by the court clerk under Rule 55(a). *See* FED. R. CIV. P. 55. Upon entry of default by the clerk, the well-pled factual allegations of a plaintiff's complaint, other than those related to damages, will be taken as true. *PetMed Express, Inc. v. Medpets.com*, 336 F. Supp. 2d 1213, 1217 (S.D. Fla. 2004) (*citing Buchanan v. Bowman*, 820 F.2d 359 (11th Cir. 1987)). In this case, the Verified Complaint and pleadings demonstrate that default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure should be entered against Defendants.

19. Count II for Maritime Trespass should be granted as Mr. Topitzhofer and the vessel's permission to occupy the Property was revoked in July 2022. However, the vessel remains occupying the Property long past the revocation of permission by Plaintiff. Mr. Topitzhofer is believed to currently be in North Dakota and has left the Vessel unmanned.

20. Count III for declaratory relief should be granted in finding that the Defendants are indeed trespassers and subject to removal, further enjoining Mr. Topitzhofer and the M/V Dacotah from remaining at the property and ordering Mr. Topitzhofer to remove the M/V Dacotah from the Property within five (5) days

of the date of the Court's order and in the event Mr. Topitzhofer fails or refuses to remove the M/V Dacotah, authorize Plaintiff to remove the vessel and reserve jurisdiction to levy the costs associated with removal to be levied against the Defendants.

21. Count IV for breach of contract should be granted as Mr. Topitzhofer has failed to timely pay rent, has allowed the vessel to become a nuisance and has failed to maintain the required insurance. Accordingly, Plaintiff seeks a judgment finding Mr. Topitzhofer liable for damages in the amount verified in the Complaint of $6,162.63 plus statutory interest. With the breach of contract damages, a maritime lien should also be placed against the Vessel for this amount.

22. Count V for eviction is now moot as no unknown tenant is currently residing in the vessel.

## CONCLUSION

This Court should enter final default judgment upon Counts I, II, III, and IV of the Verified Complaint in Plaintiff's favor and against Defendants, and find entitlement to awards of attorneys' fees and costs in amounts to be determined by the Court upon the filing of a motion pursuant to Rule 54(d)(2).

WHEREFORE, Plaintiff respectfully requests that this Court enter Final Default Judgment against Defendants to include the following:

  a. a judgment against Tim Topitzhofer, and M/V Dacotah for the amount of Plaintiff's damages with interest and reserving jurisdiction for an amount of attorneys' fees and costs;

b. a judgment *in rem* against the M/V Dacotah recognizing Plaintiff's maritime lien for trespass;

c. The M/V Dacotah be condemned and sold to satisfy the lien of Plaintiff, inclusive of pre and post judgment interest, attorneys' fees and costs; and

d. for such other relief as this Court may deem proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing document on February 8, 2024 with the Clerk of Court and, by virtue of the CM/ECF system, a copy will be electronically provided to all counsel and parties of record, and a copy has been furnished by U.S. Mail on the same date to **Tim Topitzhofer**, 523 Main Avenue West, Oberon, North Dakota 58357.

> ADAMS AND REESE LLP
> 2001 Siesta Drive, Suite 302
> Sarasota, Florida 34239
> Primary: drew.chesanek@arlaw.com
> Secondary: lisa.wilkinson@arlaw.com
> Telephone: (941) 316-7600
> *Counsel for Plaintiff*
>
> By: */s/ Drew F. Chesanek*
>      Drew F. Chesanek
>      Florida Bar No. 115933