UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FREEDOM MARINE SALES, LLC,

    Plaintiff,

v.                                      Case No. 8:23-cv-00660-KKM-AEP

TIM TOPITZHOFER,
UNKNOWN TENANT,
AND M/V Dacotah A 38' Motoryacht Bayliner,
her engines, tackle, apparel, furniture, equipment
and all other necessaries appertaining and belonging,
*in rem*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

    This cause comes before the Court upon Plaintiff Freedom Marine Sales, LLC's Renewed Motion for Default Judgment ("Motion") against Tim Topitzhofer and M/V Dacotah ("Defendants") (Doc. 28). By the Motion, Plaintiff seeks entry of a default judgment pursuant to Federal Rule of Civil Procedure 55, against Defendants for failure to answer the Complaint. No response was filed in opposition, and the time to do so has now passed. Therefore, Plaintiff's Motion is now ripe for disposition. For the reasons set forth below, it is recommended that Plaintiff's Motion be granted.

    **I.**    **Background**

    On or about May 9, 2022, Freedom Marine purchased real property located at 0 Island Ave. in Palm Harbor, Florida, from FBCHQ, LLC, as legally described in the

Warranty Deed recorded in Official Records Book 22056, Page 0867 of the Public Records for Pinellas County, Florida (Doc. 15, ¶ 9). The real property purchased consists of an operating marina with rented boat slips ("Marina") (Doc. 15, ¶ 9). On or about December 13, 2017, Tim Topitzhofer contracted with Freedom Marine's predecessor-in-interest for dockage of Mr. Topitzhofer's vessel at slip #31 pursuant to a slip rental agreement (Doc. 15, ¶ 10). On May 31, 2022, and July 25, 2022, Freedom Marine gave 60-day notices to vacate and demanded that the vessel be removed (Doc. 15 ¶ 11). The Defendants failed and refused to remove the vessel (Doc. 15, ¶ 12).

M/V Dacotah was served with the Complaint on April 1, 2023, via posting on a conspicuous place on the vessel (Doc. 15, ¶ 6). Mr. Topizhofer was served with the Complaint on April 17, 2023 (Doc. 15, ¶ 7). Plaintiff's Complaint seeks relief on five separate counts: (1) enforcement of maritime lien – dockage; (2) maritime trespass; (3) declaratory relief; (4) breach of contract; and (5) eviction. Mr. Topizhofer failed to timely respond, and a Clerk's Default (Doc. 13) was entered against him on June 2, 2023 (Doc. 15, ¶ 7). Plaintiff moved for entry of Default Judgment on July 14, 2023 (Doc. 15). This Court held a hearing on the matter on October 11, 2023, and denied Plaintiff's Motion for Default Judgment without prejudice because the subject vessel had not yet been arrested (Docs. 17–19). Plaintiff later moved for the issuance of a warrant in rem and to appoint Freedom Marine Sales, LLC as substitute custodian, both of which this Court granted (Docs. 21, 23, 25–27). On or about December 20, 2023, the United States Marshal arrested the M/V Dacotah and took it into custody (Doc. 28, ¶ 10). On January 10, 2024, this Court appointed Plaintiff as Substitute

Custodian of the M/V Dacotah, and Plaintiff has since retained custody of the vessel at the Freedom Boat Club Marina, 1092 Island Avenue, Tarpon Springs, Florida 34689 (Doc. 28, ¶ 11–12). Plaintiff then renewed its Motion for Default Judgment, which has been referred to the undersigned for consideration (Doc. 28).

II.     **Legal Standard**

"When a defendant has failed to plead or defend, a district court may enter judgment by default." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244 (11th Cir. 2015) (citing Fed. R. Civ. P. 55(b)(2)). Before entering default judgment, the court must ensure that it has jurisdiction over the claims and parties, and that the well-pled factual allegations in the complaint, which are assumed to be true, adequately state a claim for which relief may be granted. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.").[1] Because the defendant is deemed to admit the plaintiff's well-pleaded allegations of fact following entry of a default under Rule 55(a), the court must ensure that the well-pleaded allegations in the complaint actually state a substantive cause of action and that a substantive, sufficient basis exists in the pleadings for the particular relief sought. *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007) (citation omitted).[2] If the allegations in the complaint, accepted as true, establish the defaulted defendant's liability, then the

---

[1] The Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).
[2] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

court should enter judgment against them. *See generally Chanel, Inc. v. besumart.com*, 240 F. Supp. 3d 1283, 1288–89 (S.D. Fla. 2016).

A court must review the sufficiency of the complaint before determining whether a moving party is entitled to default judgment pursuant to Rule 55(b). *See United States v. Kahn*, 164 F. App'x 855, 858 (11th Cir. 2006) (citing *Nishimatsu Constr. Co.*, 515 F.2d at 1206). "While a complaint . . . does not need detailed factual allegations," a plaintiff's obligation to provide the grounds of its entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Pursuant to Federal Rule of Civil Procedure 54(c), "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." At all times, the decision to enter a default judgment remains within the court's discretion. *Hamm v. Dekalb County*, 774 F.2d 1567, 1576 (11th Cir. 1985).

### III.   Discussion

This case is properly within this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333. An in rem action may be brought to enforce any maritime lien, or whenever a statute of the United States provides for a maritime action to be brought in rem. Fed. R. Civ. P. Supp. C(1). Here, Plaintiff seeks to enforce a maritime lien under the Federal Maritime Lien Act (FMLA), 46 U.S.C. § 31342. Accordingly, the Court has subject matter jurisdiction over this action.

This Court has personal jurisdiction over Mr. Topizhofer because he is a resident of the State of Florida and was properly served (Doc. 8); *see* Fed. R. Civ. P.

4(e)(2)(A). The M/V Dacotah is a white 38' Motoryacht Bayliner vessel currently located at 0 Island Ave., Tarpon Springs, FL, which is located within this district and thus within the jurisdiction of this Court. M/V Dacotah was properly served with the Complaint on April 1, 2023, via posting on a conspicuous place on the vessel (Doc. 6). Mr. Topitzhofer failed to timely respond and still fails to appear in this action as of the date of this Report. As such, default was entered against him on June 2, 2023 (Doc. 13).

A court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2). A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for entry of a default judgment. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."). In defaulting, a defendant "admit[s] the plaintiff's well-pleaded allegations of fact" for purposes of liability. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987). A court must review the sufficiency of the complaint before determining whether a moving party is entitled to default judgment pursuant to Rule 55(b). *See United States v. Kahn*, 164 F. App'x 855, 858 (11th Cir. 2006) (citing *Nishimatsu Constr. Co.*, 515 F.2d at 1206). "While a complaint . . . does not need detailed factual allegations," a plaintiff's obligation to provide the grounds of its entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 555 (2007) (internal citations omitted). Pursuant to Federal Rule of Civil Procedure 54(c), "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."

Pursuant to the Federal Maritime Lien Act, "a person providing necessaries to a vessel" may assert a lien against the vessel and sue *in rem* to enforce the lien. 46 U.S.C. § 31342(a). "The Eleventh Circuit has construed this provision to require a plaintiff claiming a maritime lien to prove that "(1) it provided 'necessaries' (2) at a reasonable price (3) to the vessel (4) at the direction of the vessel's owner or agent." *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1249 (11th Cir. 2005) (citing *S.E.L. Maduro (Fla.), Inc. v. M/V AntonioDe Gastaneta*, 833 F.2d 1477, 1482 (11th Cir. 1987)). The term "necessaries" is given a broad meaning. *See Bradford Marine, Inc. v. M/V Sea Falcon,* 64 F.3d 585, 589 (11th Cir. 1995) (noting that the term "necessaries" has been liberally construed to include "what is reasonably needed in the ship's business") (citing *J. Ray McDermott & Co. v. Off–Shore Menhaden Co.*, 262 F.2d 523, 525 (5th Cir. 1959)). By statute, necessaries include "repairs, supplies, towage, and the use of a dry dock or marine railway." 46 U.S.C. § 31301(4).

Plaintiff's Complaint alleged that on or about December 13, 2017, Mr. Topizhofer contracted with Freedom Marine's predecessor-in-interest for dockage of his vessel at slip #31 pursuant to a slip rental agreement (Doc. 1, ¶ 9). Freedom Marine as owner of the Marina was assigned the slip rental agreement as Lessor (Doc. 1, ¶ 9). According to Plaintiff, it has provided services, specifically safe harbor and dockage, to Defendant Vessel (Doc. 1, ¶ 17). Plaintiff alleges that Defendants have failed to pay

rent in accordance with the terms of the slip rental agreement (Doc. 1, ¶ 12). Plaintiff further alleges that Defendants have failed and refused to remove the Vessel from the premises after Plaintiff provided notice to vacate under the terms of the slip rental agreement (Doc. 1, ¶¶ 10–12). As a result, Plaintiff alleges that the total amount for past due charges since Mr. Topitzhofer has failed and refused to remove the Vessel, exclusive of attorneys' fees and costs, is $6,162.63 (Doc. 1, ¶ 17). The charges that Plaintiff seeks are reasonable and were made at the direction of Mr. Topitzhofer pursuant to the slip rental agreement (Doc. 1, ¶ 19; Doc. 1, Exhibit A, ¶ 12). Thus, Plaintiff has made an adequate showing to establish the existence of a maritime lien.

Based upon the well-pleaded factual allegations and evidence of damages contained in the Complaint, the undersigned finds that Plaintiff is entitled to a default judgment in the amount of $6,162.63 plus statutory interest. The U.S. Marshal should be directed to conduct a sale of the Vessel in accordance with Supplemental Admiralty Rule E(9) and the Local Admiralty and Maritime Practice Manual 5(r). Further, Plaintiff should be permitted to credit bid its judgment at the sale to satisfy the lien.

## I. Conclusion

Accordingly, it is hereby

RECOMMENDED:

1. Plaintiff's Motion for Default Judgment (Doc. 28) be **GRANTED** as follows:

    a. Default judgment be entered in favor of Plaintiff and against Tim Topitzhofer and M/V Dacotah for the amount of $6,162.63 plus

   statutory interest and reserving jurisdiction for an amount of attorneys' fees and costs;

b. Judgment *in rem* against the M/V Dacotah recognizing Plaintiff's maritime lien for trespass;

c. The U.S. Marshal be directed to conduct the sale of the Vessel, her engines, tackle, apparel, furniture, equipment, appurtenances, and all other necessaries thereunto appertaining and belonging to the Vessel, in accordance with Rule E(9) of the Supplemental Admiralty Rules and the Local Admiralty and Maritime Practice Manual 5(r); and

d. Plaintiff be granted permission to credit bid its judgment at the public sale of the Vessel.

IT IS SO REPORTED in Tampa, Florida, this 4th day of March, 2024.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1). **Should the parties wish to expedite the resolution of this matter, they may promptly file a joint notice of no objection.**

cc:    Hon. Kathryn Kimball Mizelle
       Counsel of Record